JOHN S. LEONARDO
United States Attorney
District of Arizona
KATHRYN C. FURTADO
Assistant U.S. Attorney
Arizona State Bar # 025994
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: kathryn.furtado@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States America,<br><br>                     Plaintiff,<br><br>      vs.<br><br>Ramon Ramos-Zepeda,<br><br>                     Defendant. | CR 15-00976-TUC-CKJ(BGM)<br><br>GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEPORTATION CHALLENGE AT TRIAL |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States, by and through John S. Leonardo, United States Attorney for the District of Arizona, and Kathryn C. Furtado, Assistant United States Attorney, hereby files this Motion in Limine to preclude the defendant from collaterally attacking the validity of his deportation and removal proceedings at trial.

**LAW**

The defendant is charged by Indictment with Illegal Re-Entry After Deportation pursuant to 8 U.S.C. 1326. To convict the defendant of this crime, the United States must prove the following elements beyond a reasonable doubt: (1) defendant is an alien, (2) defendant was deported from the United States, and (3) defendant reentered the United States without the consent of the Immigration and Naturalization Service. 9th Cir. Crim. Jury Instr. 9.5 Model (2000).

As proof of the defendant's guilt, the United States expects that its case-in-chief will primarily consist of the presentation of documents relating to the defendant's immigration history. This motion is brought for two reasons: (1) to identify potential extraneous and irrelevant issues that may serve to confuse the jury and unnecessarily prolong the trial of this matter, and (2) to conserve the resources of the Court and jury by resolving legal issues surrounding the admissibility of the government's documents prior to trial.

The determination of whether a prior deportation is defective should be made by the district court in a pre-trial proceeding. *United States v. Alvarado Delgado*, 98 F.3d 492, 493 (9th Cir.) (en banc), cert. denied, 117 S. Ct. 1096 (1996) (holding government is not required to prove lawfulness of deportation as element of Section 1326 prosecution). In order to challenge the validity of a prior deportation in a 1326 criminal proceeding, an alien must first demonstrate that: (1) he has exhausted his administrative remedies; (2) the judicial proceedings at issue improperly deprived him of the opportunity for judicial review; and (3) the entry of his deportation order was fundamentally unfair. 8 U.S.C. § 1326(d).

The defendant has challenged the lawfulness of his prior 2009 deportation. An evidentiary hearing has been set for February 17, 2016. This Court has set a motions deadline for February 11, 2016. If the Court denies the defendant's motion to dismiss the indictment based on his challenge to the underlying 2009 deportation, the government respectfully moves this Court to prohibit the defendant from challenging the validity of his deportation proceedings during trial.

//

**CONCLUSION**

For the above reasons, the government respectfully requests that this Court prohibit the defendant from challenging at trial the validity of his prior deportations, removals, or exclusions. Further, to promote judicial economy and conserve government resources, the government respectfully requests any objections the defendant may have concerning the admissibility of government documents related to the defendant's prior deportations, exclusions, or removals be addressed in another pre-trial hearing.

Respectfully submitted this 27th day of January, 2016.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Kathryn C. Furtado*
KATHRYN C. FURTADO
Assistant U. S. Attorney

Copy of the foregoing was served electronically or
by other means on this 27th day of January, 2016 to:

Juan Rocha, Esq.